1  McGREGOR W. SCOTT
   United States Attorney
2  JUSTIN J. GILIO
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

| 11 UNITED STATES OF AMERICA, | CASE NO. 1:20-MJ-00074 SKO |
| 12                 Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER THEREON |
| 13              v. | |
| 14 FABIAN GARCIA-PALACIO, | DATE: January 14, 2021 TIME: 2:00 p.m. COURT: Hon. Erica P. Grosjean |
| 15                 Defendant. | |

16

17      This case is set for a preliminary hearing on January 14, 2021. This Court has issued a series of

18  General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the

19  Eastern District of California. *See* General Order 628.

20      Although the General Orders address the district-wide health concern, the Supreme Court has

21  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

22  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

23  *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

24  exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

25  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

26  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

27  or in writing").

28      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

1  and inexcusable—General Orders 611, 612, 617, 628, etc. require specific supplementation.  Ends-of-

2  justice continuances are excludable only if "the judge granted such continuance on the basis of his

3  findings that the ends of justice served by taking such action outweigh the best interest of the public and

4  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

5  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

6  the ends of justice served by the granting of such continuance outweigh the best interests of the public

7  and the defendant in a speedy trial."  *Id.*

8          The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

9  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

10  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

11  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

12  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

13  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

14  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

15  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

16  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

17          In light of the societal context created by the foregoing, this Court should consider the following

18  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

19  justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

20  for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

21  pretrial continuance must be "specifically limited in time").

22                                         **STIPULATION**

23          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

24  through defendant's counsel of record, hereby stipulate as follows:

25          1.      By previous order, this matter was set for preliminary hearing on January 14, 2021.

26          2.      By this stipulation, defendant now moves to continue the preliminary hearing until **April**

27  **8, 2021, at 2:00 p.m.** and to exclude speedy trial and indictment time between January 14, 2021, and

28  April 8, 2021, under Local Code T4.  The defendant knowingly, voluntarily, and willingly waives any

1    rights he has to a speedy indictment.

2    3.    The parties agree and stipulate, and request that the Court find the following:

3    a)    The government has represented that initial discovery associated with this case

4    includes thousands of pages of investigative reports, social media account records, interview

5    recordings, photographs, cell phone extractions, and other media evidence.  All this discovery

6    has been either produced directly to counsel and/or made available for inspection and copying.

7    b)    Counsel for defendant desires additional time to review the discovery, consult

8    with this client, conduct further investigation, and discuss a possible resolution of the case with

9    the government.

10   c)    Counsel for the defendant is engaged in discussions with the government focused

11   on reaching a pre-indictment resolution of his case.  Defendant has been involved in and is aware

12   of these discussions and requests this additional time exclusion to continue to seek this pre-

13   indictment resolution.  Defendant is not in custody and is not prejudiced by this delay.

14   d)    Counsel for defendant believes that failure to grant the above-requested

15   continuance would deny him the reasonable time necessary for effective preparation, taking into

16   account the exercise of due diligence.

17   e)    The government does not object to the continuance.

18   f)    In addition to the public health concerns cited by General Order 617 and 628, and

19   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

20   this case because counsel and other relevant individuals have been encouraged to telework and

21   minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

22   contact should the preliminary hearing proceed.

23   g)    Based on the above-stated findings, the ends of justice served by continuing the

24   case as requested outweigh the interest of the public and the defendant in an indictment or trial

25   within the original dates prescribed by the Speedy Trial Act.

26   h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

27   et seq., within which an indictment must be filed and within which a trial must commence, the

28   time period of January 14, 2021 to April 8, 2021, inclusive, is deemed excludable pursuant to 18

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.


Dated:  January 6, 2021                              McGREGOR W. SCOTT
                                                     United States Attorney


                                                     /s/ JUSTIN J. GILIO
                                                     JUSTIN J. GILIO
                                                     Assistant United States Attorney


Dated:  January 6, 2021                              /s/ BENJAMIN GERSON
                                                     BENJAMIN GERSON
                                                     Counsel for Defendant
                                                     Fabian Garcia-Palacio

**FINDINGS AND ORDER**

Pursuant to the terms of this stipulation, the preliminary hearing is continued until **April 8, 2021, at 2:00 p.m.**

Based on the information set forth in this stipulation, the Court finds that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.  Time will be excluded from the time period of January 14, 2021 to April 8, 2021, inclusive, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

IT IS SO ORDERED.

Dated:   __**January 8, 2021**__              ___/s/ Erica P. Grosjean_____
                                              UNITED STATES MAGISTRATE JUDGE